**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LILA FOLLETT | ) | CASE NO. |
| 1008 30th Street | ) | |
| Parkersburg, West Virginia 26104, | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| CITY OF BELPRE | ) | |
| 1400 Blenner Hassett Avenue | ) | **JURY DEMAND ENDORSED** |
| Belpre, Ohio 45714 | ) | **HEREIN** |
| | ) | |
| -and- | ) | |
| | ) | |
| DENZIL RAY | ) | |
| 1400 Blenner Hassett Avenue | ) | |
| Belpre, Ohio 45714, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Lila Follett, by and through undersigned counsel, as her Complaint against

Defendants City of Belpre ("Belpre") and Denzil Ray ("Ray"), states and avers the following:

**PARTIES AND VENUE**

1. Follett is a resident of the city of Parkersburg, Wood County, West Virginia.

2. At all times herein, Follett was acting in the course and scope of her employment.

3. Belpre is a city in Washington County, Ohio.

4. Belpre is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

5. Ray is a resident of the state of Ohio.

6. At all times herein, Ray was acting in the course and scope of his employment.

7. At all times herein, Ray was acting under color of Ohio statute, ordinance, regulation, custom, or usage.

8. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Follett is alleging a Federal Law Claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 28 U.S.C. § 2000e; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*; and 42 U.S.C. § 1983.

9. All material events alleged in this Complaint occurred in Washington County, Ohio.

10. This Court has supplemental jurisdiction over Follett's state law claims pursuant to 28 U.S.C. § 1367 as Follett's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

12. Within 300 days of the conduct alleged below, Follett filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-02689 against Belpre ("Follett EEOC Charge").

13. On or about March 22, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Follett regarding the Charges of Discrimination brought by Follett against Belpre in the Follett EEOC Charge.

14. Follett received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

15. Follett has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

16. Follett has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## **FACTS**

17. On or about February 15, 2011, Follett began working for Belpre.

18. Belpre initially employed Follett as a class I waste water treatment operator.

19. Most recently, Belpre employed Follett as a class III waste water treatment operator.

20. Follett is 62 years old.

21. Follett is female.

22. At the time when Follett was hired, Ray was senior operator for Belpre.

23. At the time of Follett's termination, Ray was sanitary sewer superintendent for Belpre.

24. Ray is male.

25. During Follett's employment, Ray promoted men with less experience than Follett, instead of Follett ("Discriminatory Promotions").

26. For example, in or about September 2018, a position to work on EPA compliance opened; Follett asked Ray to promote her to the position, but he instead selected Joe White.

27. White is male.

28. White is under 40 years old.

29. White was a new hire.

30. White had less experience than Follett.

31. Ray promoted White over Follett because of Follett's age.

32. Ray promoted White over Follett because of Follett's gender.

33. During Follett's employment, Ray disciplined Follett more harshly than similarly-situated employees under age 40 for the same conduct.

34. During Follett's employment, Ray disciplined Follett more harshly than similarly-situated male employees for the same conduct.

35. In or about January 2020, Follett filed a grievance alleging that Ray was discriminating against her ("Report of Discrimination").

36. In the Report of Discrimination, Follett opposed age discrimination.

37. In the Report of Discrimination, Follett opposed gender discrimination.

38. Belpre has a policy against discrimination ("Discrimination Policy").

39. Belpre's Discrimination Policy precludes retaliation against employees who complain about discrimination.

40. Alternatively, retaliation against employees who complain about discrimination is permitted by Belpre.

41. Belpre's Discrimination Policy precludes intimidation against employees who complain about discrimination.

42. Alternatively, intimidation against employees who complain about discrimination is permitted by Belpre.

43. Belpre's Discrimination Policy requires employees to report what they reasonably believe is a violation of the Discrimination Policy.

44. Belpre's Discrimination Policy precludes retaliation against employees who report a violation of the Discrimination Policy.

45. Alternatively, retaliation against employees who report a violation of the Discrimination Policy is permitted by Belpre.

46. Belpre's Discrimination Policy precludes intimidation against employees who report a violation of the Discrimination Policy.

47. Alternatively, intimidation against employees who report a violation of the Discrimination Policy is permitted by Belpre.

48. Belpre has a policy to investigate reports of violations of its Discrimination Policy.

49. An investigation should include interviewing the complainant.

50. An investigation should include interviewing the subject of the complaint.

51. An investigation should include interviewing the subject of the reported discrimination.

52. An investigation should include interviewing witnesses to the reported discrimination.

53. An investigation should include getting a written statement from the complainant.

54. An investigation should include getting a written statement from the subject of the complaint.

55. An investigation should include getting a written statement from the subject of the reported discrimination.

56. In response to Follett's Report of Discrimination, Belpre did not interview Follett.

57. In response to Follett's Report of Discrimination, Belpre did not interview Ray.

58. In response to Follett's Report of Discrimination, Belpre did not interview witnesses.

59. In response to Follett's Report of Discrimination, Belpre did not get a written statement from Follett.

60. In response to Follett's Report of Discrimination, Belpre did not get a written statement from Ray.

61. In response to Follett's Report of Discrimination, Belpre did not get a written statement from witnesses.

62. Belpre did not investigate Follett's Report of Discrimination.

63. Belpre has a progressive disciplinary policy ("Discipline Policy").

64. A verbal warning is the lowest level of discipline in the Discipline Policy.

65. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

66. A termination is the highest level of discipline in the Discipline Policy.

67. Belpre did not give Ray a verbal warning as a result of the Report of Discrimination.

68. Belpre did not give Ray a written warning as a result of the Report of Discrimination.

69. Belpre did not give Ray a suspension as a result of the Report of Discrimination.

70. Belpre did not give Ray a demotion as a result of the Report of Discrimination.

71. Belpre did not terminate Ray's employment as a result of the Report of Discrimination.

72. Belpre did not discipline Ray at all as a result of the Report of Discrimination.

73. On or about February 11, 2020, Belpre terminated Follett's employment ("Termination").

74. The Termination was an adverse action.

75. The Termination was an adverse employment action.

76. Ray made the decision to give Follett the Termination.

77. Connie Hobilitz informed Follett about the Termination ("Termination Call").

78. Hobilitz was safety service director for Belpre.

79. Hobilitz is significantly younger than Follett.

80. In the Termination Call, Hobilitz alleged that the reason for the Termination was that Follett had an unexcused absence ("Absence").

81. Follett submitted to Ray a written request for the leave in advance of the Absence.

82. Follett had available paid time off at the time of the Absence.

83. Prior to the Report of Discrimination, Belpre routinely approved requests for leave, unless there was a specific reason to deny the requests.

84. On or about March 11, 2017, Belpre retroactively approved Follett's written request to take leave on March 8, 2017.

85. On or about March 11, 2017, Belpre did not discipline Follett for submitting a retroactive request for leave.

86. On or about September 8, 2018, Belpre retroactively approved Follett's written request to take leave on September 7, 2018.

87. On or about September 8, 2018, Belpre did not discipline Follett for submitting a retroactive request for leave.

88. On or about January 22, 2019, Belpre retroactively approved Follett's written request to take leave on January 10 and 11, 2019.

89. On or about January 22, 2019, Belpre did not discipline Follett for submitting a retroactive request for leave.

90. On or about July 18, 2019, Belpre approved Follett's written request to take leave on July 18, 2019.

91. On or about July 18, 2019, Belpre did not discipline Follett for submitting a request for leave on the same day she sought to take leave.

92. On or about December 4, 2019, Belpre retroactively approved Follett's written request to take leave on December 3, 2019.

93. On or about December 4, 2019, Belpre did not discipline Follett for submitting a retroactive request for leave.

94. The Absence was not the real reason for the Termination.

95. The Absence was not a sufficient basis to justify the Termination.

96. Belpre knowingly terminated Follett's employment.

97. Belpre knowingly took an adverse employment action against Follett.

98. Belpre knowingly took an adverse action against Follett.

99. Belpre intentionally terminated Follett's employment.

100. Belpre intentionally took an adverse employment action against Follett.

101. Belpre intentionally took an adverse action against Follett.

102. Belpre knew that terminating Follett would cause Follett harm, including economic harm.

103. Belpre willfully terminated Follett's employment.

104. Belpre willfully took an adverse employment action against Follett.

105. Belpre willfully took an adverse action against Follett.

106. On or about February 11, 2020, Belpre terminated Follett's employment because of her age.

107. On or about February 11, 2020, Belpre terminated Follett's employment because of her gender.

108. On or about February 11, 2020, Belpre terminated Follett's employment because of her Report of Discrimination.

109. As a direct and proximate result of Defendants' conduct, Follett suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

### (Defendant Belpre)

110. Follett restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

111. Follett is a member of a statutorily protected class based on her gender under R.C. § 4112.02.

112. Belpre treated Follett differently than other similarly-situated employees based on her gender.

113. Belpre discriminated against Follett on the basis of her gender throughout her employment.

114. Belpre terminated Follett's employment without just cause.

115. Belpre terminated Follett's employment based on her gender.

116. Belpre's discrimination against Follett based on her gender violates R.C. § 4112.01 *et seq.*

117. As a direct and proximate result of Belpre's conduct, Follett suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT II: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

**(All Defendants)**

118. Follett restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

119. Follett is a member of a statutorily protected class based on her gender under R.C. § 4112.02.

120. Defendants treated Follett differently than other similarly-situated employees based on her gender.

121. Defendants discriminated against Follett on the basis of her gender throughout her employment with the company.

122. Defendants terminated Follett's employment without just cause.

123. Defendants terminated Follett's employment based on her gender.

124. Defendants' discrimination against Follett based on her gender violates R.C. § 4112.01 *et seq.*

125. As a direct and proximate result of Defendants' conduct, Follett suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT III: AGE DISCRIMINATION IN VIOLATION OF ADEA**

**(Defendant Belpre)**

126. Follett restates each and every prior paragraph of this complaint, as if it were fully restated herein.

127. Follett is 62 years old.

128. At all times relevant, Follett was a member of a statutorily-protected class under ADEA.

129. Belpre treated Follett differently from other similarly-situated employees based on her age.

130. Follett was fully qualified for her position and employment with Belpre.

131. On or about February 11, 2020, Belpre terminated Follett's employment.

132. Follett was a member of a statutorily-protected class under ADEA at the time she was terminated from her employment with Belpre.

133. After terminating Follett's employment, Belpre replaced Follett with a person who was significantly younger and/or not belonging to the protected class under ADEA.

134. Belpre violated ADEA by discriminating against Follett based on her age.

135. As a direct and proximate result of Belpre's conduct, Follett suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

### (All Defendants)

136. Follett restates each and every prior paragraph of this complaint, as if it were fully restated herein.

137. Follett is 62 years old.

138. At all times relevant, Follett was a member of a statutorily-protected class under R.C. § 4112.01 *et seq.*

139. Belpre treated Follett differently from other similarly-situated employees based on her age.

140. Follett was fully qualified for her position and employment with Belpre.

141. On or about February 11, 2020, Belpre terminated Follett's employment.

142. Follett was a member of a statutorily-protected class under R.C. § 4112.01 *et seq.* at the time she was terminated from her employment with Belpre.

143. After terminating Follett's employment, Belpre replaced Follett with a person who was significantly younger and/or not belonging to the protected class under R.C. § 4112.01 *et seq.*

144. Belpre violated R.C. § 4112.01 *et seq.* by discriminating against Follett based on her age.

145. As a direct and proximate result of Belpre's conduct, Follett suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT V:  RETALIATION IN VIOLATION OF TITLE VII

### (Defendant Belpre)

146. Follett restates each and every prior paragraph of this complaint, as if it were fully restated herein.

147. As a result of Belpre's discriminatory conduct described above, Follett complained about the discrimination she was experiencing.

148. Subsequent to Follett's reporting of discrimination, Belpre terminated Follett's employment.

149. Belpre's actions were retaliatory in nature based on Follett's opposition to the unlawful discriminatory conduct.

150. Pursuant to Title VII, it is an unlawful discriminatory practice to retaliate against an employee for opposing unlawful discrimination.

151. As a direct and proximate result of Belpre's conduct, Follett suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT VI:  RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

### (All Defendants)

152. Follett restates each and every prior paragraph of this complaint, as if it were fully restated herein.

153. As a result of Belpre's discriminatory conduct described above, Follett complained about the discrimination she was experiencing.

154. Subsequent to Follett's reporting of discrimination, Belpre terminated Follett's employment.

155. Defendants' actions were retaliatory in nature based on Follett's opposition to the unlawful discriminatory conduct.

156. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

157. As a direct and proximate result of Defendants' conduct, Follett suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT VII:  RETALIATION IN VIOLATION OF ADEA

### (Defendant Belpre)

158. Follett restates each and every prior paragraph of this complaint, as if it were fully restated herein.

159. As a result of Belpre's discriminatory conduct described above, Follett complained about the discrimination she was experiencing.

160. Subsequent to Follett's reporting of discrimination, Belpre terminated Follett's employment.

161. Belpre's actions were retaliatory in nature based on Follett's opposition to the unlawful discriminatory conduct.

162. Pursuant to ADEA, it is an unlawful discriminatory practice to retaliate against an employee for opposing unlawful discrimination.

163. As a direct and proximate result of Belpre's conduct, Follett suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT VIII: GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1983**

**(Defendant Ray)**

164. Follett restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

165. The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution prohibits discrimination on the basis of gender.

166. Belpre is a city incorporated under the laws of the state of Ohio.

167. Belpre employed Ray as sanitary sewer superintendent.

168. At all times herein, Ray was acting in the scope of his employment.

169. At all times herein, Ray acted under color of Ohio statute, ordinance, regulation, custom, or usage.

170. Ray discriminated against Follett on the basis of her gender.

171. By discriminating against Follett on the basis of her gender, Ray deprived Follett of her rights, privileges, or immunities under Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

172. Ray is liable under 42 U.S.C. § 1983 for depriving Follett of her rights, privileges, or immunities under Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

**COUNT IX: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION**

**(Defendant Ray)**

173. Follett restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

174. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

175. Ray aided, abetted, incited, coerced, and/or compelled Belpre's discriminatory termination of Follett.

176. Ray aided, abetted, incited, coerced, and/or compelled Belpre's discriminatory suspension of Follett's employment.

177. Ray aided, abetted, incited, coerced, and/or compelled Belpre's discriminatory treatment of Follett.

178. Ray violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

179. As a direct and proximate result of Ray's conduct, Follett has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Follett respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i)    Requiring Belpre to abolish discrimination, harassment, and retaliation;

    (ii)    Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii)    Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

(iv)    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v)    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Belpre to restore Follett to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Follett for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Follett claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Lila Follett*

**JURY DEMAND**

Plaintiff Follett demands a trial by jury by the maximum number of jurors permitted.

/s/ Trisha Breedlove
Trisha Breedlove (0095852)
Paul Filippelli (0097085)